**Callistro v. New York City Parks Department**

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of February, two thousand fifteen.

PRESENT:
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges,*
>
> JEFFREY ALKER MEYER,[*]
> > *District Judge.*

_____

Cynthia Y. Callistro,

> *Plaintiff-Appellant*,

> v.

New York City Parks Department, (Van Cortland Park Nursery), Richard Cabo,

> *Defendants-Appellees*.

14-868-cv

_____

FOR PLAINTIFF-APPELLANT:          Cynthia Y. Callistro, pro se, Bronx, NY

---

[*] Honorable Jeffrey Alker Meyer, of the United States District Court for the District of Connecticut, sitting by designation.

**FOR DEFENDANTS-APPELLEES:** Kristin M. Helmers, Deborah A. Brenner, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cote, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Cynthia Callistro, proceeding pro se, appeals from the district court's judgment dismissing her hostile work environment claim under Title VII of the Civil Rights Act after a jury verdict in favor of the New York City Parks Department. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On appeal, Callistro reiterates her allegations concerning her hostile work environment claim. We construe Callistro to be raising a general claim that the evidence presented at trial was insufficient to support the jury verdict and that the weight of the evidence was against the verdict. However, "[a] contention that there was insufficient evidence to warrant submission to the jury or that the verdict was against the weight of the evidence cannot be raised for the first time on appeal." *Scientific Holding Co., v. Plessey Inc.*, 510 F.2d 15, 28 (2d Cir. 1974) (citations omitted). Even if we were to consider her claim for the limited purpose of determining whether the jury's verdict was "wholly without legal support," *Sojak v. Hudson Waterways Corp.*, 590 F.2d 53, 55 (1978) (per curiam) (remanding for new trial to prevent manifest injustice despite the fact that appellant, who moved to set aside the jury verdict, failed to request a directed verdict before submission of the case to the jury), remand for a new trial would not be warranted because the Parks Department provided sufficient evidence to defeat Callistro's hostile work environment claim. *See Gronowski v. Spencer*, 424 F.3d 285, 292 (2d Cir. 2005) ("[W]e cannot weigh

conflicting evidence, determine the credibility of witnesses, or substitute our judgment for that of the jury.").

Callistro also argues that the district court erred in allowing the Parks Department to introduce evidence that she had been receiving public assistance and had made offensive comments to her coworkers. However, she cannot challenge the admission of the majority of this evidence because she failed to object to its admission below. *See In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 133 (2d Cir. 2008) (arguments not raised below are waived). To the extent that she did object, she cannot demonstrate that the evidentiary rulings altered the outcome of the trial because the challenged evidence is merely repetitive of the unchallenged evidence that the jury had already heard. *See Perry v. Ethan Allen, Inc.,* 115 F.3d 143, 150 (2d Cir. 1997) (evidentiary rulings reviewed for harmless error).

Accordingly, we **AFFIRM** the judgment of the district court.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk